FILED
2026 SEP 17 AM 9:43
CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

Case: 2:26-cv-00862
Assigned To : Shelby, Robert J.
Assign. Date : 9/17/2026
Description: Doe v. Rivera

| | |
|---|---|
| **JOHN DOE,**<br>Petitioner,<br><br>v.<br><br>**ROSIE RIVERA, SALT LAKE COUNTY SHERIFF, in her official capacity as custodian,**<br>Respondent. | **Case No.** _____<br><br>**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>**REQUEST FOR EXPEDITED CONSIDERATION** |

Petitioner, a Utah state pretrial detainee presently confined at the Salt Lake County Metro Jail, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner has separately moved to proceed publicly under the pseudonym John Doe; his legal identity is to be supplied to the Court under seal in accordance with DUCivR 10-2. Petitioner alleges that he has been detained for approximately twenty-eight months before trial and without bail while the State continues prosecutions that, according to Petitioner, include charges that have not been revised despite a prior court order addressing *Counterman v. Colorado*, 600 U.S. 66 (2023).

## I. JURISDICTION AND CUSTODY

1. This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is in state pretrial custody within the District of Utah and challenges the legality and constitutionality of that custody.

2. Petitioner is confined at the Salt Lake County Metro Jail. Respondent Rosie Rivera is the Salt Lake County Sheriff. The Salt Lake County Sheriff's Office operates the Salt Lake County Metro Jail, where Petitioner is presently confined. The state criminal matters identified by Petitioner are Third District Court case numbers 201908270, 231910005, 221900411, 241901504, 211912281, 221912017, and 231908149.

3. Petitioner alleges that his pretrial incarceration has continued for approximately twenty-eight months and that he remains held without bail.

## II. FACTUAL AND PROCEDURAL BACKGROUND

4. In 2024, Petitioner's former counsel, Kathy Nestor, filed a Rule 12(c) Motion to Dismiss. Petitioner alleges that, in responding to or litigating that motion, the State confirmed that evidence underlying case number 201908270 had been fabricated.

5. Petitioner further alleges that during an approximately 72-minute hearing in April 2024 before then-presiding Judge Chelsea Koch, the State indicated that it no longer wished to prosecute approximately fifteen felony charges, including charges associated with case number 201908270.

6. According to Petitioner, the remaining charges include allegations arising from recorded telephone calls made while Petitioner was jailed in Seattle, Washington, before his extradition to Utah. Petitioner states that the communications were attempts to explain his claimed innocence of the original charges to an alleged victim, rather than true threats.

7. Petitioner alleges that the April 2024 hearing addressed the constitutionality of the remaining charges under the United States Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. 66 (2023). *Counterman* holds that in a true-threat prosecution the First Amendment requires proof that the speaker had some subjective understanding of the threatening character of the communication; recklessness is constitutionally sufficient.

8. Petitioner alleges that Judge Chelsea Koch thereafter ordered the remaining charges to be revised to comply with *Counterman*. Petitioner further alleges that, more than two years later, the State has not made the ordered revisions and nevertheless continues to hold Petitioner without bail on those charges.

9. Petitioner alleges that police-report and recorded-call evidence shows that alleged victim Lori Berntsen conspired over multiple recorded calls with prisoner Joseph Cameron Price to arrange an assault upon Petitioner in connection with

Petitioner's travel to court. Petitioner characterizes the alleged conduct as implicating 18 U.S.C. § 241. Petitioner does not contend that § 241 itself creates a private right to compel a prosecution; he presents the alleged conduct as part of the factual basis for his asserted safety concerns and constitutional claims.

10. Petitioner states that, after learning of the alleged conspiracy, he sent cease-and-desist notices to Crystal Powell, whom Petitioner identifies as the alleged victim's then-current victim advocate attorney. Petitioner states that the notices asked that the alleged victim cease conspiring with prisoners to assault Petitioner in connection with court appearances.

11. Petitioner alleges that the State then charged him with additional protective-order violations arising from those communications. Petitioner contends that prosecuting those communications without the constitutionally required mental-state showing further conflicts with *Counterman* and burdens protected speech.

12. Petitioner further alleges that, despite evidence he believes establishes probable cause concerning crimes committed against him, state authorities have not filed charges on his behalf. Petitioner acknowledges that charging decisions generally involve prosecutorial discretion, but asserts that the disparity is relevant to his broader claims of arbitrary and unconstitutional treatment.

13. Petitioner states that he subsequently refused or was unable to attend court in person because of the asserted safety threat. Petitioner alleges that the State characterized his conduct as evidence of incompetence. Petitioner contends that the underlying issue is court safety rather than incompetence and that his refusal to expose himself to the alleged danger should not be treated as proof of mental incompetence.

## III. CASE NUMBER 231908149 - MAIL, SPEECH, MENS REA, AND SEARCH WARRANT

14. In Third District Court case number 231908149, Petitioner alleges that opposing party Jennifer Johnson intercepted mail addressed to another person and then delivered that mail to law enforcement. The State thereafter charged Petitioner with a protective-order violation based on the contents or circumstances of that mail.

15. Petitioner alleges that he and Jennifer Johnson had previously shared a mailbox. Petitioner contends that these circumstances undermine the required mens rea for the charged protective-order violation and that application of the criminal law to the communication also implicates the First Amendment and the subjective mental-state requirement recognized in *Counterman*, to the extent the prosecution is based on allegedly threatening speech.

16. Petitioner states that the mailing contained documents relevant to his pending cases, including materials concerning an assault he alleges occurred while he was incarcerated. Petitioner states that, because he lacked sufficient assistance from counsel, one of his associates was asked to make copies of the documents and return them to him.

17. Petitioner alleges that the relevant mail was addressed to 8541 High Country Rd, while the search warrant identified 8451 High Country Rd. Petitioner contends that this discrepancy rendered the warrant constitutionally defective and that use of evidence obtained through the warrant violated his Fourth Amendment rights. Petitioner asserts this claim only to the extent he personally had a legitimate Fourth Amendment interest affected by the challenged search or seizure; he does not purport to litigate the independent Fourth Amendment rights of third parties.

## IV. GROUNDS FOR FEDERAL HABEAS RELIEF

**GROUND ONE - First Amendment / Counterman Due Process Claim.**
Petitioner alleges that the State continues to prosecute speech-based charges without charging or proving the constitutionally required subjective mental state identified in *Counterman*. Petitioner further alleges that a state judge ordered revision of the remaining charges after the April 2024 hearing but that the State has not revised them for more than two years.

**GROUND TWO - Fifth and Fourteenth Amendment Due Process.**
Petitioner alleges that prolonged pretrial detention without bail, continued prosecution on charges allegedly recognized as constitutionally defective, failure to implement the alleged revision order, and continued reliance on allegedly fabricated or constitutionally obtained evidence have deprived him of liberty without due process of law.

**GROUND THREE - Sixth Amendment / Prolonged Pretrial Detention.**
Petitioner alleges that approximately twenty-eight months of pretrial incarceration, together with unresolved charging defects and delays, has impaired his ability to obtain a timely and constitutionally adequate adjudication. Petitioner

requests consideration of all applicable speedy-trial and assistance-of-counsel protections.

**GROUND FOUR - Eighth and Fourteenth Amendments / Bail and Conditions Affecting Court Access.**
Petitioner alleges that he remains held without bail despite the circumstances described above. He further alleges that a documented safety threat interfered with his ability to attend court and that the State improperly treated safety-based nonappearance as incompetence rather than addressing the asserted danger.

**GROUND FIVE - Fourth and Fourteenth Amendments / Case 231908149.**
Petitioner challenges the use of evidence associated with the warrant described above, including the alleged address discrepancy, and alleges that the resulting prosecution violates his personal Fourth Amendment and due-process rights.

**GROUND SIX - Fourteenth Amendment / Fundamental Fairness.**
Considering the alleged fabricated evidence, abandonment of approximately fifteen felony charges, failure to revise remaining speech-based charges, prolonged detention, alleged safety threats, and continued prosecution, Petitioner contends that his ongoing custody has become fundamentally unfair and unconstitutional.

## V. EXHAUSTION, FEDERALISM, AND NEED FOR EXPEDITED REVIEW

18. Petitioner recognizes that federal intervention in an ongoing state criminal prosecution is extraordinary and that state remedies ordinarily must be exhausted before federal habeas relief is granted. Petitioner asks the Court to evaluate exhaustion claim by claim based on the motions, hearings, objections, and orders in the state-court record.

19. Petitioner alleges that the central constitutional defects have been presented in the state proceedings, including through the 2024 Rule 12(c) Motion to Dismiss and the April 2024 hearing concerning *Counterman*. To the extent the Court finds any claim insufficiently exhausted, Petitioner requests such lawful relief as preserves the petition while permitting exhaustion rather than dismissal with prejudice.

20. Petitioner requests expedited consideration because the challenged custody is ongoing, the alleged pretrial detention has reached approximately twenty-eight months, and the petition concerns asserted defects in the legal basis for continuing to hold him before trial.

## VI. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

A. Issue the writ or order Respondent to show cause why Petitioner's continued detention is lawful;

B. Obtain or direct production of the material state-court record, including the 2024 Rule 12(c) Motion to Dismiss, the approximately 72-minute April 2024 hearing record, relevant charging documents and amendments, bail/detention orders, and orders concerning revision of the charges;

C. Determine whether continued custody on the challenged charges violates the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments;

D. If the Court finds Petitioner's custody unconstitutional, order his release from unlawful custody or other appropriate habeas relief consistent with federal law;

E. Alternatively, grant such narrowly tailored relief as is lawful and necessary to remedy any established federal constitutional violation, including appropriate relief concerning constitutionally defective charges or prolonged detention; and

F. Grant expedited consideration and any further relief the Court deems just and proper.

## VII. VERIFICATION

I declare under penalty of perjury under 28 U.S.C. § 1746 that the factual allegations in this petition are true and correct to the best of my knowledge and belief. I understand that allegations concerning statements by the State, fabricated evidence, the alleged conspiracy, safety threats, the contents of police reports and recordings, and prior court orders should be evaluated against the actual state-court record and supporting exhibits.

**DATED: September 15, 2026**

/s/ John Doe

**JOHN DOE**
Petitioner, Pro Se
Salt Lake County Metro Jail

Petitioner's legal name is to be supplied under seal pursuant to the accompanying pseudonym motion and DUCivR 10-2.

## PROPOSED EXHIBITS

Exhibit A - 2024 Rule 12(c) Motion to Dismiss filed by former counsel Kathy Nestor.

Exhibit B - Transcript/audio/minute entry from the approximately 72-minute April 2024 hearing before Judge Chelsea Koch.

Exhibit C - Charging documents and any order directing revision of charges under Counterman v. Colorado.

Exhibit D - Police report and recorded-call materials concerning the alleged Lori Berntsen/Joseph Cameron Price conspiracy and assault-related safety concerns.

Exhibit E - Cease-and-desist communications sent to Crystal Powell and resulting protective-order charging documents.

Exhibit F - Case 231908149 mailing, protective-order charging documents, and relevant envelope/address evidence.

Exhibit G - Search warrant and return relating to the alleged 8451/8541 High Country Rd address discrepancy.

Exhibit H - Bail, detention, competency, and court-appearance records relevant to the approximately twenty-eight months of pretrial custody.

**Drafting note:** This petition states disputed matters as Petitioner's allegations. It does not represent that the State's alleged confirmation of fabricated evidence, the alleged dismissal/abandonment of fifteen felonies, the alleged conspiracy, or the alleged court order has been independently verified. The cited Supreme Court rule from *Counterman* is that a true-threat prosecution requires a subjective understanding of the threatening nature of the speech, with recklessness sufficient.