FILED
2026 SEP 17 AM 9:44
CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

Case: 2:26−cv−00862
Assigned To : Shelby, Robert J.
Assign. Date : 9/17/2026
Description: Doe v. Rivera

**JOHN DOE,**
Petitioner,

v.

**ROSIE RIVERA, SALT LAKE COUNTY SHERIFF, in her official capacity as custodian,**
Respondent.

**Case No. _____**

**MOTION TO PROCEED UNDER A PSEUDONYM**
**DUCivR 10-2**

Petitioner, using the proposed pseudonym John Doe, respectfully moves under DUCivR 10-2 for permission to proceed under a pseudonym in the accompanying petition for writ of habeas corpus. Petitioner requests that his full legal name be disclosed to the Court in the separately filed, sealed Notice of Intention to Proceed Under a Pseudonym - Full Names, as required by the local rule, but not placed on the public docket unless the Court orders otherwise.

**I. BASIS FOR THE REQUEST**

1. The Tenth Circuit recognizes that proceeding under a pseudonym is an unusual procedure, but permits it in limited exceptional circumstances, including where disclosure presents a real danger of physical harm. See *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

2. District of Utah Local Rule DUCivR 10-2 requires a party seeking pseudonym protection to contemporaneously file a Motion to Proceed Under a Pseudonym and, under seal, a Notice of Intention to Proceed Under a Pseudonym - Full Names containing the protected party's full name.

3. Petitioner's request is based principally on alleged physical-safety risks, not merely embarrassment, reputational concerns, or a preference for privacy.

**II. SPECIFIC SAFETY CONCERNS**

4. Petitioner alleges that police report SO23-4559, together with recorded telephone-call transcripts, documents evidence concerning an alleged conspiracy against Petitioner's rights and an assault directed against Petitioner.

5. Petitioner alleges that those materials describe communications involving Lori Berntsen and another individual concerning violence against Petitioner in connection with his criminal proceedings. Petitioner intends to rely on the police report and the underlying telephone-call transcripts as evidence supporting the asserted safety risk. Petitioner asks the Court to evaluate the actual reports and transcripts rather than treating the allegations in this motion as independently established facts.

6. Petitioner further alleges that Lori Berntsen purchased a firearm for the purpose of using it against Petitioner and members of his family. Petitioner contends that this alleged firearm-related conduct substantially increases the seriousness and credibility of the asserted physical-safety concern.

7. Petitioner states that members of his family - Anna Maria Ravines de Schur, Aaron Ezekiel Shur, and Jordan Ariel Schur - have left the State of Utah because of safety concerns associated with the alleged threats and conduct described above.

8. Petitioner contends that public identification of him in a new federal habeas proceeding could make it easier to locate, monitor, retaliate against, intimidate, or otherwise target Petitioner or members of his family, and could draw renewed attention to their whereabouts and involvement.

9. Petitioner therefore asserts that the requested pseudonym is directed at reducing a claimed risk of physical harm while permitting the merits of the habeas petition to be litigated.

**III. THE REQUEST IS NARROWLY TAILORED**

10. Petitioner does not seek to conceal his identity from the Court. He proposes to provide his full legal name in the sealed notice required by DUCivR 10-2.

11. Nor does Petitioner seek to prevent an appropriate respondent or counsel from learning his identity when disclosure is required for service, identification of the person in custody, litigation of the habeas petition, or compliance with a Court order.

12. The requested protection is instead directed toward the public disclosure of Petitioner's identity on the publicly accessible docket and in publicly available filings.

13. This approach preserves the Court's ability to determine Petitioner's identity and custody status while reducing the asserted danger associated with broad public disclosure.

14. Petitioner respectfully requests pseudonymous treatment based on the asserted danger of physical harm and compliance with the procedures established by DUCivR 10-2.

**IV. PUBLIC ACCESS AND PREJUDICE**

15. Petitioner recognizes the strong public interest in open judicial proceedings. The requested relief would leave the substance of the habeas claims, legal arguments, court rulings, and nonprotected portions of the record publicly available unless separately sealed by order of the Court.

16. The requested pseudonym would conceal only Petitioner's public identity. Petitioner submits that this limited protection appropriately balances public access against the alleged risk of physical harm.

17. Because Petitioner's actual identity can be disclosed under seal to the Court and, as required, to Respondent, Petitioner submits that proceeding publicly as John Doe should not materially impair Respondent's ability to investigate or litigate the habeas petition.

**V. REQUEST FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court:

A. Grant Petitioner leave to proceed publicly under the pseudonym John Doe in the accompanying habeas corpus proceeding;

B. Permit Petitioner's full legal name to be submitted under seal through the Notice of Intention to Proceed Under a Pseudonym - Full Names required by DUCivR 10-2;

C. Direct that Petitioner's full legal name not appear on the public docket or in publicly accessible filings absent further order of the Court;

D. Permit disclosure of Petitioner's true identity to Respondent or counsel to the extent required by DUCivR 10-2, service requirements, or further order of the Court, while maintaining the identity from public disclosure;

E. Permit Petitioner to use the pseudonym John Doe in the caption of the petition for writ of habeas corpus and subsequent public filings; and

F. Grant such other relief as the Court determines appropriate.

**DATED: September 15, 2026**

/s/ John Doe

**JOHN DOE**
Petitioner, Pro Se

Full legal name provided separately under seal pursuant to DUCivR 10-2.

**PROPOSED SUPPORTING EXHIBITS**

Exhibit A - Police Report SO23-4559.

Exhibit B - Relevant recorded telephone-call transcripts referenced in SO23-4559.

Exhibit C - Any police-report portion, transcript, or other evidence concerning the alleged firearm purchase.

Exhibit D - Any declarations or other evidence supporting the assertion that family members left Utah because of the alleged safety concerns.

Filing note: DUCivR 10-2 requires the Motion to Proceed Under a Pseudonym and a separate sealed Notice of Intention to Proceed Under a Pseudonym - Full Names to be filed contemporaneously with a case-initiating document when the case originates in the District of Utah. This motion intentionally does not state Petitioner's full legal name in its public text.